



FILED
6/23/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**CONCERNEDAPE LLC,**

**Plaintiff,**

**v.**

**THE PARTNERSHIPS AND UNINCORPORATED**

**ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**

**Defendants.**

**Case No. 26-cv-3505**

**Judge Virginia Mary Kendall**

**MEMORANDUM REGARDING INDIVIDUAL SOLE PROPRIETOR**

**STATUS AND THE RIGHT TO APPEAR PRO SE**

**I. INTRODUCTION**

Defendant Aviad Dviker respectfully submits this memorandum, together with his Declaration and the exhibits attached to it, to confirm that the storefronts "avdvi-67" and "yahasthine-0" are sole proprietorships operated by him as an individual, and that he is entitled to appear in this matter pro se. Mr. Dviker is a natural person. He operates the storefronts in his individual capacity. Neither storefront is a corporation, limited liability company, partnership, or other registered business entity.

**II. A SOLE PROPRIETORSHIP MAY PROCEED PRO SE BECAUSE IT HAS NO**
**LEGAL EXISTENCE APART FROM ITS OWNER**

The Seventh Circuit has squarely held that a sole proprietorship "may litigate pro se ... because it has no legal identity separate from the proprietor himself." United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008); see also Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) ("a sole proprietorship has no legal existence apart from its owner"). The requirement that a litigant appear through counsel is confined to artificial entities. A corporation, a limited liability company, or a partnership must appear through licensed counsel. See Hagerman, 545 F.3d at 581-82; Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."). A sole proprietorship, by

contrast, is a non-registered, unincorporated business; it is not such an entity, and it may be represented by the individual who operates it.

### III. OPERATING MORE THAN ONE STOREFRONT DOES NOT CREATE A SEPARATE LEGAL ENTITY

That an individual conducts business under more than one storefront name does not transform those businesses into corporations, companies, or partnerships. A sole proprietorship has no legal identity separate from the individual, regardless of the trade name under which it operates. See Hagerman, 545 F.3d at 581. Multiple storefront names or sales accounts operated by one individual are trade names, not separate juridical persons. Unless a storefront has been organized as a corporation, a limited liability company, or a partnership, it remains a sole proprietorship that may be represented by the individual who operates it.

### IV. MR. DVIKER IS AN INDIVIDUAL WHO MAY APPEAR PRO SE

Federal law guarantees an individual the right to represent himself: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. Section 1654. The capacity of an individual to sue or be sued is determined by the law of the individual's domicile. See Fed. R. Civ. P. 17(b)(1). Mr. Dviker is an individual who resides in Israel and operates the storefronts in his individual capacity; the storefronts are not separate juridical entities. As set out in his accompanying Declaration and supporting exhibits, "avdvi-67" is classified on the eBay platform as an "Individual" account in his name, and "yahasthine-0" is classified as a "Sole Proprietor" account; neither is a corporation, a limited liability company, or a partnership. Because there is no separate legal entity that would require representation by counsel, Mr. Dviker is entitled to proceed pro se under Section 1654 and Hagerman.

### V. THE FILINGS OF A SELF-REPRESENTED PARTY ARE CONSTRUED LIBERALLY

Mr. Dviker is not a lawyer, and he is litigating from abroad under emergency conditions. The Supreme Court has long instructed that the submissions of a self-represented party are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). A "document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Mr. Dviker respectfully asks that the Court construe his filings in this matter in accordance with that settled standard.

### VI. CONCLUSION

The storefronts "avdvi-67" and "yahasthine-0" are sole proprietorships operated by Mr. Dviker as an individual, and not business entities that must appear through counsel. Mr. Dviker is entitled to appear and defend himself pro se under 28 U.S.C. Section 1654 and United States v.

Hagerman, 545 F.3d 579 (7th Cir. 2008), and he respectfully requests that the Court recognize that status accordingly.

Respectfully submitted,

_____

Aviad Dviker

Pro Se Defendant

Morag 4, Dimona, 8616003, Israel

davsha54@gmail.com

+972 50-827-2859

Dated: June 23, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I served a true and correct copy of the foregoing on counsel for Plaintiff via email at IPEnforcement@agdglaw.com.

_____

Aviad Dviker